**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NAOMI MURPHREY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3114 |
| | § | |
| WILLIAMS-SONOMA STORES, INC. | § | |
| D/B/A POTTERY BARN F/K/A | § | |
| WILLIAMS-SONOMA, INC. | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Naomi Murphrey sued Williams-Sonoma Stores, Inc. after a chair and couch she bought there collapsed, injuring her and causing some floor damage. She alleges that the two chairs and the couch she bought from a Williams-Sonoma store were defectively designed or manufactured, causing them to break when used. (Docket Entry No. 14-1 at 2–4). Murphrey asserted eight causes of action for various products liability, negligence, and breach of warranty claims. Williams-Sonoma removed and moved for summary judgment on the ground that limitations bars Murphrey's claims. (Docket Entry Nos. 1, 17). Murphrey responded, and Williams-Sonoma replied. (Docket Entry Nos. 17, 18, 19).

Based on the complaint, the motion and response, the record, and the applicable law, the court grants Williams-Sonoma's motion for summary judgment. The reasons for this ruling are set out below.

## I. Background

Murphrey bought a couch and two preassembled chairs from Williams-Sonoma on May 3, 2017. (Docket Entry No. 14-1 at 2–3). Murphrey alleges that she sat in one of the chairs that same day and one of its legs broke, causing her to fall. (*Id*. at 3). After her fall, Murphrey's

boyfriend inspected the second chair. (*Id*.). While he was doing so, its leg broke. (*Id*.). Murphrey claims that the broken chair legs were caused by defective screws attaching the legs. (*Id*.). She alleges "serious personal injuries." (*Id*.). She also alleges that a section of her floor had to be replaced due to scratches caused by the broken chair. (*Id*.). Finally, Murphrey alleges that the couch legs broke when she and some guests were sitting on it soon after the incident with the chairs. (*Id*. at 3-4).

On May 3, 2019, Murphrey filed this suit in Texas state court, alleging strict products liability, "negligence" products liability, negligence, negligence based on *res ipsa loquitur*, negligence based on *respondeat superior*, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. (Docket Entry No. 14-1 at 4–14). On May 6, 2019, the Harris County District Clerk issued citation. (Docket Entry No. 17-2). A process server picked up the citation on July 31, 2019 and executed service on Williams-Sonoma on August 7, 2019. (Docket Entry No. 17-3). Williams-Sonoma timely removed Murphrey's action based on diversity jurisdiction and moved for summary judgment based on Murphrey's delay in effecting service. (Docket Entry Nos. 1, 17).

Williams-Sonoma argues that because Murphrey failed to use due diligence to effect timely service, service does not relate back to the filing date and her claim is barred by the statute of limitations. (Docket Entry No. 17 at 2–3). Murphrey responds that between filing her petition and serving Williams-Sonoma, her lawyers were involved with a "multitude of trials," but that they were communicating with a process server. (Docket Entry No. 18 at 3–4). She argues that these efforts satisfy due diligence, so that the service date should relate back to the filing date. (*Id.*). Williams-Sonoma replies that Murphrey's actions do not satisfy due diligence because she has

offered no explanation of specific steps taken to effect service during the delay.  (Docket Entry No. 19 at 2).

## II.      The Legal Standard

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)).  "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations and citations omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating that there is an issue of material fact warranting trial." *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (alteration omitted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).  The moving party must demonstrate the absence of a genuine issue of material fact, but it need not negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).  "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).  In deciding a summary judgment motion, the court draws all reasonable

inferences in the light most favorable to the nonmoving party. *Wease v. Ocwen Loan Servicing, LLC*, 915 F.3d 987, 992 (5th Cir. 2019).

## III.    Analysis

Williams-Sonoma argues that it is entitled to judgment as a matter of law because the Texas two-year statute of limitations bars Murphrey's claims. (Docket Entry No. 17 at 1). The parties agree that Murphrey's claim accrued on May 3, 2017, when her chair broke. (Docket Entry Nos. 17 at 1, 18 at 1). Murphrey filed her petition on May 3, 2019, the last day of the limitations period. (Docket Entry No. 14-1). Service was effected on August 7, 2019. (Docket Entry No. 17-3).

Courts apply "state statutes of limitations in diversity cases." *Citigroup, Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 373 (5th Cir. 2011). Under Texas law, "a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.003(a). "[A]n action for damage to property is governed by the two-year period of limitations." *Grunwald v. City of Castle Hills*, 100 S.W.3d 350, 354 (Tex. App.—San Antonio 2002, no pet.) (citing *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868, (Tex. 1984)). "Causes of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011).

To bring suit within the applicable limitations period, a Texas plaintiff must both file suit within the limitations period and use due diligence to serve the defendant. *Kruszynski v. SGS N. Am. Inc.*, No. CV H-16-1115, 2016 WL 7017428, at *2 (S.D. Tex. Nov. 30, 2016) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)); *see also Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989) ("Under Texas law, filing of suit does not interrupt limitations unless diligence is exercised in procuring issuance and service of citation."). If a plaintiff files suit within the

limitations period but serves the defendant after the period expires, the date of service relates back to the date of filing only if the plaintiff exercises due diligence in obtaining service. *Kruszynski*, 2016 WL 7017428, at *2 (citing *Gant*, 786 S.W.2d at 259–260).

"Summary judgment may be granted when service of suit on the defendant is accomplished beyond the limitations period." *Belleza-Gonzalez v. Villa*, 57 S.W.3d 8, 11 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)). "[D]elay in the service of defendant will provide cause for dismissal of the plaintiff's petition only when the plaintiff failed to exercise due diligence in attempting to accomplish service." *Id.* A plaintiff executing service is required to use the degree of diligence that "an ordinarily prudent person would have used under the same or similar circumstances." *Id.* (citing *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ). "Generally, the question of diligence is a question of fact, but if no excuse is offered for a delay in the service of citation, 'or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law.'" *Id.* (quoting *Webster v. Thomas*, 5 S.W.3d 287, 289 (Tex. App.—Houston [14th Dist.] 1999, no pet.)). "Several Texas courts have held that delays of more than a few months negate due diligence as a matter of law." *Id.* at 11.

The undisputed record evidence shows that Murphrey filed suit on the two-year anniversary of her alleged injury, the date the statute of limitations expired; citation was issued on May 6, 2019; service was not attempted until July 31; and service was not effected until August 7. (Docket Entry Nos. 17-1, 17-2, 17-3).[1]

---

[1] In her response to Williams-Sonoma's motion for summary judgment, Murphrey states that she "successfully serve[d]" Williams-Sonoma on July 31, 2019. (Docket Entry No. 18 at 4). The Authorized Person Return states that the process server received the citation on July 31, 2019, but that it was delivered to Williams-

Murphrey argues that her claims are not barred because her attorneys were involved in over six trials between May 3, 2019 and August 7, 2019, and that "no reasonable person would expect to be able to manage the service of a citation during trial . . . where trial days may end well after 5 p.m., when the process server is closed and no longer able to be contacted." (Docket Entry No. 18 at 2, 4). Murphrey argues that because her counsel's "communication with the process serve[r]" amounts to more than "simply sit[ting] and wait[ing]," there is "an issue of material fact" as to whether they were diligent under the ordinarily-prudent-person standard. (*Id.*)

In *Kruszynski v. SGS N. Am. Inc.*, 2016 WL 7017428, at *2 (S.D. Tex. Nov. 30, 2016), the plaintiff filed a lawsuit the day before the statute of limitations expired, did not request citation for four and one half months, and then waited three weeks to serve the defendant with process. The court held that the plaintiff's failure to act during the four and one half months between filing and requesting citation, and the failure to effect service for three weeks after citation issued, was a lack of diligence as a matter of law. *Id.* at *4.

Murphrey fails to present evidence that raises a factual dispute as to the lack of diligence in effecting service, or that supports an inference of due diligence. Her counsel made no effort to serve Williams-Sonoma between May 6, 2019, when citation was issued, and July 31, 2019, when citation was delivered to a process server. Murphrey fails to identify any specific actions taken by her counsel to attempt service earlier; when counsel realized that Williams-Sonoma had not been served; or why counsel waited nearly three months to effect service on Williams-Sonoma beyond being busy. Most lawyers are busy. Murphrey's unexplained failure to take any action between May 6 and July 31 constitutes a lack of diligence as a matter of law. *See Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App.—Dallas 2000, pet. denied) (unexplained three-month period of delay

---

Sonoma on August 7, 2019. (Docket Entry No. 17-3). Under the Texas Rules of Civil Procedure, service is effected on the date when the citation is delivered to the defendant. Tex. R. Civ. P. 106(a).

showed lack of diligence, as a matter of law); *Webster*, 5 S.W.3d at 290 ("as a matter of law . . . a four month and ten day delay amounts to a lack of diligence, if coupled with no efforts or insufficient efforts to procure citation and service.").  Murphrey's claims are barred by limitations because the date that service was effected does not relate back to the date that Murphrey's original petition was filed.

**IV.    Conclusion**

William-Sonoma's motion for summary judgment is granted.  (Docket Entry No. 17). Final judgment is separately entered.

SIGNED on November 26, 2019, at Houston, Texas.

_____
                    Lee H. Rosenthal
                    Chief United States District Judge